IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLES E. RAYMOND, JR. § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | |
| § | NO. 3-10-CV-0449-N |
| RICK THALER, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division § | |
| § | |
| Respondent. § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Charles E. Raymond, Jr., a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice for failure to exhaust state remedies.

I.

In 1993, petitioner pled guilty to aggravated robbery with a deadly weapon and was sentenced to 20 years confinement. Petitioner was released to parole after serving part of his sentence, but his parole was revoked in July 2008. More than a year later, on November 2, 2009, petitioner filed an application for writ of habeas corpus in federal district court challenging his parole revocation and the calculation of his sentence. That case was dismissed without prejudice for failure to exhaust state remedies. *See Raymond v. Thaler*, 3-09-CV-2197-K, 2010 WL 375185 (N.D. Tex. Feb. 1, 2010). On March 3, 2010, petitioner filed a second federal writ challenging his 1993 aggravated robbery conviction. As best the court can decipher his claims, petitioner appears to contend that: (1) his

guilty plea was invalid; (2) the indictment was void; (3) the state court lacked jurisdiction; and (4) he received ineffective assistance of counsel.

While his writ was pending on initial screening, petitioner wrote a letter to the court asking for an extension of time to file a section 2254 action, stating that "I've just noticed that I'll need to file my 11.07 to exhaust all my state courts first." In view of petitioner's admission that he has not exhausted his state remedies, this case should be dismissed without prejudice.

II.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b)(1). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 103 S.Ct. 1508 (1983). To exhaust state remedies, a Texas prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or application for writ of habeas corpus under Tex. Code Crim. Proc. Ann. art. 11.07. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 2862 (1991); *Bautista*, 793 F.2d at 110.

Petitioner admits that he has never presented any of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for state post-conviction relief. Because petitioner has failed to exhaust his state remedies, this case must be dismissed.

### RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed without prejudice for failure to exhaust state remedies.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 29, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE